IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK W. CORDEIRO,

        Plaintiff,                      No. 2:10-cv-00588 KJN

     v.                                 <u>ORDER</u>

SYSCO FOOD SERVICES OF
SACRAMENTO, INC.,

        Defendant.

_____/

        Presently before the court is defendant's unopposed motion to compel plaintiff to: (1) serve its initial disclosures pursuant Federal Rule of Civil Procedure 26(a)(1), which plaintiff failed to serve by the June 24, 2010 deadline; and (2) respond to written discovery propounded by defendant, to which plaintiff had filed no response at the time of the filing of the pending motion. (Dkt. No. 18.) Defendant also seeks the award of reasonable expenses or sanctions in the amount of $812.50 for having to file the motion to compel. Defendant noticed its motion for a hearing to take place on December 16, 2010. Plaintiff did not file a written opposition or a written response stating plaintiff's non-opposition to defendant's motion to compel.

        On December 16, 2010, the undersigned held a hearing on defendant's motion. (Dkt. No. 19.) Attorney Robin E. Weideman appeared on defendant's behalf. Attorney Michael

D. Welch appeared on plaintiff's behalf.  For the reasons stated below, the undersigned grants defendant's motion to compel in its entirety, including an award of defendant's reasonable expenses incurred in preparing the motion.

I.     FACTUAL BACKGROUND

Plaintiff filed this disability discrimination action on March 10, 2010.  (Dkt. No. 1.)  On May 12, 2010, defendant filed an answer to plaintiff's complaint.  (Dkt. No. 12.)  On May 17, 2010, the undersigned conducted a Status (Pretrial Scheduling) Conference in this matter, which was attended by plaintiff's counsel, Michael D. Welch, of the firm Michael Welch + Associates.  On May 24, 2010, the undersigned entered a Status (Pretrial Scheduling) Order ("Scheduling Order"), which required that the parties exchange their respective initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before June 24, 2010.  (Scheduling Order at 3, Dkt. No. 17.)

Although defendant timely served its initial disclosures on plaintiff, plaintiff did not timely serve his initial disclosures on defendant.  (Weideman Decl. ¶ 2, Dkt. No. 18, Doc. No. 18-2.)  Defendant's counsel contacted plaintiff's counsel by letter on July 8, 2010, and on August 10, 2010, to inquire about plaintiff's failure to serve initial disclosures.  (Id. & Exs. A-B.)  Defendant's counsel's declaration, dated November 5, 2010, also states: "At one point, at least three months ago, Plaintiff's counsel left me a voice message indicating that his office somehow dropped the ball but assured me he would have the initial disclosures to me that week."  (Id. ¶ 2.)  Defendant had not received plaintiff's initial disclosures as of the filing of the pending motion to compel.  (Id.)

On August 10, 2010, defendant served a first set of interrogatories and a first set of requests for production of documents on plaintiff.  (Weideman Decl. ¶ 3 & Ex. C.)  Although responses to this written discovery were due on September 13, 2010, plaintiff failed to respond.  (Id. ¶ 3.)  Defendant's counsel sent a meet-and-confer letter to plaintiff's counsel on September 22, 2010, but received no response.  (Id. ¶ 3 & Ex. D.)  Defendant's counsel


attempted to follow up with plaintiff's counsel via telephone that same week, but received no response. (Id. ¶ 3.)

Defendant's counsel made a final attempt to meet and confer with plaintiff's counsel on October 29, 2010, sending a letter detailing plaintiff's and his counsel's failings in the discovery process. (See Weideman Decl. ¶ 4 & Ex. E.) According to defendant's counsel's declaration, plaintiff's counsel, Mr. Welch, left a voice mail message for an attorney in defendant's counsel's office to the effect that plaintiff would serve his initial disclosures and discovery responses on plaintiff by November 3, 2010. (Id. ¶ 4.) As of the date defendant filed its motion to compel, November 5, 2010, defendant had received neither the promised initial disclosures nor responses to the written discovery. (Id. ¶ 4.)

As noted above, defendant filed the pending motion to compel on November 5, 2010, and the motion is based on plaintiff's complete failure to provide initial disclosures and respond to written discovery requests. Defendant also seeks an order requiring plaintiff and/or plaintiff's counsel to pay defendant's fees and costs incurred in filing the pending motion to compel, which total $812.50. (Weideman Decl. ¶ 5.) The court's docket reveals that plaintiff did not file an opposition or any other response to defendant's motion to compel, which plaintiff was required to file at least seven days before the scheduled hearing date. See E. Dist. Local Rule 251(e).[1]

Also as noted above, Mr. Welch appeared on plaintiff's behalf at the December 16, 2010 hearing on defendant's motion to compel. Mr. Welch was contrite and did not stand on any excuses for the failure to participate in discovery or his failure to communicate with defendant's counsel and the court regarding plaintiff's non-opposition to the granting of the

---

[1] Eastern District Local Rule 251(e) provides that when there has been a complete and total failure to respond to a discovery request or order, the aggrieved party may bring a motion for relief for hearing on 14 days notice. It further provides that "[t]he responding party shall file a response thereto not later than seven (7) days before the hearing date." E. Dist. Local Rule 251(e).

3

1  motion to compel. He appropriately acknowledged that the responsibility for adequate
2  communication lies with him, an officer of the court. However, Mr. Welch did relate that he has
3  had trouble communicating with plaintiff. The court appreciates Mr. Welch's forthcoming
4  remarks at the hearing and his apology to the court, but hopes in the future that Mr. Welch will
5  make more timely efforts to communicate his client's position regarding a pending motion,
6  especially when his client does not seek to oppose any such motion.

7  Based on remarks offered at the hearing, it appears that plaintiff has served on
8  plaintiff's counsel some form of initial disclosures pursuant to Federal Rule of Civil
9  Procedure 26(a)(1). It also appears that plaintiff has sent responses to interrogatories to
10 defendant's counsel that do not contain objections, but that plaintiff's counsel has not yet been
11 able to obtain a verification of those responses from plaintiff. Finally, it appears that plaintiff
12 might have served some documents responsive to defendant's requests for production, but that no
13 written responses to those requests have yet been served. Although plaintiff and plaintiff's
14 counsel now appear to be attempting to meet plaintiff's discovery obligations, the court will
15 substantively address defendant's motion to compel below and impose deadlines by which
16 plaintiff must meet his discovery obligations.

17 II.   DISCUSSION

18        A.   Plaintiff's Failure to Serve His Initial Disclosures on Defendant

19 The Scheduling Order in this case required plaintiff to serve his Rule 26(a)(1)
20 initial disclosures on defendant on or before June 24, 2010. (Scheduling Order at 3.) Plaintiff
21 failed to do so and failed, until very recently, to serve initial disclosures on defendant despite
22 defendant's repeated efforts to meet and confer with plaintiff and his counsel. It appears that
23 plaintiff finally served some form of initial disclosures on defendant shortly before the hearing on
24 defendant's motion to compel. Nevertheless, because the disclosures are not before the court and
25 defendant's counsel has not yet been able to review the disclosures, the undersigned grants
26 defendant's motion to compel the service of plaintiff's Rule 26(a)(1) initial disclosures. See Fed.

4

1  R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other
2  party may move to compel disclosure and for appropriate sanctions."). To the extent that
3  plaintiff has not served initial disclosures on defendant, or has served incomplete or inadequate
4  disclosures on defendant, plaintiff shall serve his initial disclosures on defendant within 14 days
5  of the date of this order.

      B.      <u>Plaintiff's Failure to Respond to Written Discovery Propounded by Defendant</u>

Plaintiff also failed to serve timely responses to interrogatories and document requests propounded by defendant pursuant to Federal Rules of Civil Procedure 33 and 34, respectively. On August 10, 2010, defendant propounded its Interrogatories, Set One, and Request for Production of Documents, Set One. (Weideman Decl., Ex. C.) These discovery requests append proofs of service, which indicate service on plaintiff's counsel, Mr. Welch. Plaintiff completely failed to respond to this discovery and does not oppose defendant's motion to compel. Accordingly, the undersigned grants defendant's motion to compel, and plaintiff shall provide responses to this written discovery as provided below. <u>See</u> Fed. R. Civ. P. 37(a)(3)(B) (providing the circumstances under which "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection").

Defendant requests that plaintiff be deemed to have waived any objections to the interrogatories and documents requests because of plaintiff's complete failure to respond. With respect to written interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." <u>See</u> also <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), <u>cert. denied</u>, 506 U.S. 948 (1992); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP,

5

constitutes a waiver of any objection.  This is true even of an objection that the information sought is privileged.").  Regarding document requests, Federal Rule of Civil Procedure 34(b)(2)(c) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest."  Generally, the failure to assert timely objections to document requests served pursuant to Rule 34 constitutes a waiver of those objections.  See Richmark Corp., 959 F.2d at 1473; City of Rialto v. U.S. Dep't of Def., 492 F. Supp. 2d 1193, 1201-02 (C.D. Cal. 2007) (concluding that a party's failure to timely object to a document request constituted a waiver of the attorney-client privilege as to the documents in question).

Given the fact that plaintiff did not assert timely objections to the interrogatories and document requests propounded by defendant, and does not oppose defendant's motion to compel, the undersigned cannot find good cause to permit plaintiff to assert any objections to the written discovery at issue.  Accordingly, plaintiff has waived any objections to the written discovery and will not be permitted to assert any objections to defendant's interrogatories and document requests.

At the hearing, the parties' respective counsel represented that Mr. Welch had served responses to set one of the interrogatories on defendant via facsimile, and that those interrogatories did not contain objections.  However, the responses did not contain a signed verification, apparently because of Mr. Welch's difficulty in obtaining plaintiff's signature.  Plaintiff shall serve complete responses to set one of the interrogatories, without objections and with a proper verification, within 14 days of the date of this order.  Plaintiff shall also serve written responses to defendant's requests for production, without any asserted objections, within 14 days of this order and shall serve responsive documents within 30 days of the date of this order.

C.      Award of Reasonable Expenses and/or Sanctions Against Plaintiff's Counsel

Defendant seeks $812.50 in attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 37(a)(5) and 37(d).  (Def.'s Mot. to Compel at 4; Weideman Decl. ¶ 5.)  At the

6

December 16th hearing, plaintiff's counsel, Mr. Welch, wisely expressed no objection to the award of reasonable expenses against himself personally.  Accordingly, the undersigned awards defendant $812.50, payable by plaintiff's attorney, in order to reimburse defendant for attorney's fees and costs incurred in having to file the successful motion to compel.

Federal Rule of Civil Procedure 37(a)(5) provides:

**(5) *Payment of Expenses; Protective Orders.***

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) further provides that the court may "order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."

The undersigned concludes that the award of reasonable expenses under Rule 37(a)(5), and an award of sanctions under Rule 37(d) in the alternative, is warranted in this case.  Plaintiff failed to serve his initial disclosures until shortly before the hearing on defendant's motion to compel and has yet to properly respond to the written discovery propounded by defendant.  Moreover, plaintiff's counsel completely failed to participate in the meet-and-confer process with defendant's counsel, who made several attempts to resolve this discovery dispute without filing a motion to compel.  Additionally, plaintiff failed to file a written opposition or response expressing plaintiff's non-opposition to the granting of the

pending motion. Thus, none of the factors provided in Rule 37(a)(5)(i)-(iii) counsels against the award of reasonable expenses in this case. Indeed, although Mr. Welch offered a limited, potential excuse for plaintiff's discovery failure, he did not rely on such excuse and did not object to the award of expenses.

      The undersigned also concludes that defendant's request for $812.50 in expenses is reasonable. Robin E. Weideman, defendant's counsel, submitted a declaration that reflects that Ms. Weideman charges an hourly rate of $325.00 per hour, and that she spent 2.5 hours preparing the motion to compel and the supporting papers. (Weideman Decl. ¶ 5.) Ms. Weideman's hourly rate and the time spent in preparing the motion to compel are reasonable. At the hearing, Mr. Welch expressed no objection to the amount requested by defendant. Accordingly, the undersigned awards $812.50 to defendant, payable within 30 days by plaintiff's attorney, Mr. Welch.

III.    CONCLUSION

      For the reasons stated above, IT IS HEREBY ORDERED that:

      1.    Defendant's motion to compel (Dkt. No. 18) is granted in its entirety.

      2.    Plaintiff shall serve his Rule 26(a)(1) initial disclosures on defendant within 14 days of the date of this order to the extent that such service has not already occurred. Within ten days after plaintiff serves his initial disclosures on defendant, plaintiff's counsel shall file with the court a notice that such service has occurred in accordance with this order.

      3.    Plaintiff shall serve responses to defendant's Interrogatories, Set One, including an appropriate verification, within 14 days of the date of this order. Plaintiff has waived any objections to these interrogatories and, therefore, may not assert objections in his responses. Within ten days after plaintiff serves his responses to these interrogatories on defendant, plaintiff's counsel shall file with the court a notice that such service has occurred in accordance with this order.

      4.    Plaintiff shall serve written responses to defendant's Request for

Production of Documents, Set One, within 14 days of the date of this order. Those responses should state whether or not responsive documents exists. Because plaintiff has waived any objections to these requests for production, he may not assert objections in his written responses or otherwise withhold documents on the basis of any objection. Within ten days after plaintiff serves his written responses to the document requests on defendant, plaintiff's counsel shall file with the court a notice that such service has occurred in accordance with this order. Plaintiff shall produce all documents responsive to defendant's document requests within 30 days of the date of this order.

      5.      Defendant is awarded $812.50 in reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5), and alternatively as a sanction pursuant to Federal Rule of Civil Procedure 37(d). *This award is to be paid only by plaintiff's attorney, Michael D. Welch of Michael Welch + Associates*. Mr. Welch shall pay to defendant the sum of $812.50 within 30 days of this order. Within ten days after such payment, Mr. Welch shall file with the Clerk of Court an affidavit which states that he has paid the sum out of his personal funds, and will not bill his client or make it the responsibility of his client as attorney's fees or costs.

      6.      Plaintiff's and/or his counsel's failure to obey the court's order in any respect shall be grounds for the imposition of additional sanctions against plaintiff and Mr. Welch, including monetary sanctions, evidentiary sanctions, and/or dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Fed. R. Civ. P. 37(b)(2) (providing that the court may further sanction a party for failing to obey a discovery order); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

   IT IS SO ORDERED.

DATED: December 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:nkd