IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK W. CORDEIRO,

        Plaintiff,                    No. 2:10-cv-00588 KJN

        v.

SYSCO FOOD SERVICES OF SACRAMENTO, INC,

        Defendant.               ORDER TO SHOW CAUSE
_____/

        In an order dated December 16, 2010 (the "Order"), this court granted defendant Sysco Food Services of Sacramento, Inc.'s motion to compel (Dkt. No. 18) in its entirety. (Order, Dkt. No. 20.)  To date, plaintiff Rick W. Cordeiro and his counsel, attorney Michael D. Welch of "Michael Welch & Associates," have failed to comply with the Order in several respects; accordingly, the court hereby issues this order to show cause.

        The Order required plaintiff Rick W. Cordeiro to serve his Rule 26(a)(1) initial disclosures upon defendant within 14 days of December 16, 2010, if such service had not already occurred.  (Order at 8-9.)  The Order also required plaintiff to file a notice with the court confirming that such service occurred, and to do so within ten days of serving his initial disclosures.  (Id.)  To date, no such notice has been filed.

////

The Order also required plaintiff to serve responses to defendant's Interrogatories, Set One, without objections and with the appropriate verification, within 14 days of December 16, 2010. (Order at 8-9.) The Order also required plaintiff to file a notice with the court confirming that such service occurred, and to do so within ten days of serving responses to the interrogatories. (Id.) To date, no such notice has been filed.

The Order required plaintiff to serve complete written responses, without objections, to defendant's Request for Production of Documents, Set One, within 14 days of December 16, 2010.[1] (Order at 8-9.) The Order also required plaintiff to file a notice with the court confirming that such service occurred, and to do so within ten days of serving such responses to defendant's document requests. (Id.) To date, no such notice has been filed.

The Order also required plaintiff's attorney, Michael D. Welch, to pay defendant a total of $812.50, an amount reflecting defendant's reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) and alternatively as a sanction pursuant to Federal Rule of Civil Procedure 37(d). (Order at 8-9.) Mr. Welch was to pay defendant that sum within 30 days of December 16, 2010. (Id.) The Order also required that, within ten days after such payment, Mr. Welch file with the Clerk of Court an affidavit stating that he has paid the sum out of his personal funds, and will not bill his client or make it the responsibility of his client as attorney's fees or costs. To date, no such affidavit has been filed.

The Order cautioned plaintiff and his counsel that a failure to obey the court's Order in any respect would be grounds for the imposition of additional sanctions against plaintiff and Mr. Welch, including monetary sanctions, evidentiary sanctions, and/or dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). (Order at 9-10 (citing cases).)

To date, neither plaintiff nor his counsel have complied with the Order in any respect. Based on a review of the court's docket, plaintiff has not filed any of the requisite

---

[1] The Order also required plaintiff to produce all documents responsive to defendant's document requests within 30 days of December 16, 2010. (Order at 8-9.)

2

notices confirming service of discovery. Plaintiff's counsel, Mr. Welch, has not filed any affidavit confirming payment of the $812.50 sanction. These failures are particularly troubling in light of the fact that protracted inaction by plaintiff and his counsel in the meet-and-confer process and in the discovery process are what prompted the Order in the first place. If plaintiff and his counsel do not intend to participate in discovery and do not intend to abide by this court's orders, plaintiff should dismiss his case.

Accordingly, IT IS HEREBY ORDERED that:

In light of the foregoing, plaintiff and his counsel are ordered show cause *in writing*, *on or before February 22, 2011*, why the court should not impose monetary sanctions or other sanctions upon them for failure to comply with the court's Order dated December 16, 2010. (Order at 8-9.) Plaintiff and Mr. Welch are reminded that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. Dist. Local Rule 110; see also Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal). *Plaintiff and his counsel are hereby admonished that failure to file the required writing shall constitute an additional ground for the imposition of appropriate sanctions, including dismissal of the case.*

////

2. Defendant may file a brief, not to exceed five pages in length, in support of an award of further sanctions against plaintiff and his counsel, including dismissal of plaintiff's lawsuit. Defendant shall file any such brief on or before March 1, 2011, but need not wait for plaintiff to file a response to this show cause order before filing any such brief.

3. The court will schedule a hearing if it determines that one is necessary.

IT IS SO ORDERED.

DATED: February 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:mso